UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAGHVENDRA SINGH,<br><br>  Plaintiff,<br><br>  v.<br><br>ROBERT ST. ANDRE, *et al.*,<br><br>  Defendants. | Case No.  2:24-cv-3149-DC-JDP (PS)<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Plaintiff, a former state prisoner, brings this action against wardens Robert St. Andre and Christian Pfeiffer, and officer Garcia, alleging a host of broad inadequacies throughout the California prison system, as administered by the California Department of Corrections and Rehabilitation. ECF No. 1. I recommend, for the reasons stated below, that this action be dismissed for failure to state a claim. I will grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2.

1

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

As best the court can discern, the complaint alleges a scramble of issues that plaintiff experienced while in CDCR custody. ECF No. 1. He explains that CDCR should keep disabled inmates and non-gang inmates separate from other inmates. Plaintiff claims, without detail, that he was "repeatedly misused and beaten." He also claims that he was never paid for work he did

1  while at various prisons, and that he and other inmates were treated as slaves by various prisons.
2  From 2021-2022, while plaintiff was housed in the M yard of Kern Valley State Prison, defendant
3  officer Garcia harassed plaintiff by observing him shower.  Also, during 2021-2024, plaintiff was
4  denied access to the library, copies, religious books, religious food, religious visits, and
5  experienced disability discrimination at various prisons.  While in custody, plaintiff sought
6  treatment for COVID, thyroid problems, and hemorrhoids, but never received treatment.  Plaintiff
7  claims that the educational programs at High Desert State Prison and Kern Valley State Prison
8  were insufficient.  The complaint also contains a broad allegation that CDCR prisons have
9  adopted "grossly illegal and unconstitutional practices," and that this action is intended to restore
10 public faith and trust.

11     Plaintiff may have prepared a broad and generalized indictment of the prison system, but
12 he has not articulated an actionable claim or related set of claims that can reasonably be addressed
13 in litigation.  As noted above, plaintiff raises claims regarding medical care, prisoner safety, and
14 ADA accommodations.  The claims lack specificity, and many appear to implicate the rights of
15 inmates who are not party to this suit.  This is not a case in which a plaintiff has raised a set of
16 unrelated claims that can be subdivided.  Plaintiff, it appears, has no intention of litigating
17 discrete instances of misconduct or unlawfulness; by his own admission, he intends this litigation
18 to restore public faith and trust.

19     Generally, pro se litigants who bring non-viable claims in their initial complaint are
20 offered at least one chance to amend.  However, granting plaintiff leave to amend in this case
21 would be futile.  Plaintiff has filed several complaints—each replying on similarly vague and
22 conclusory—that have been dismissed for either fail to state a claim or lack of subject matter
23 jurisdiction.  *See, e.g.*, *See Singh v. City of Elk Grove*, No. 2:23-cv-0052-DAD-CKD (PS); *Singh*
24 *v. Internal Revenue Services*, No. 2:23-cv-0053-KJM-AC; *Singh v. City of Placerville*, No. 2:23-
25 cv-54-DAD-KJN (PS); *Singh v. City of Elk Grove*, No. 2:23-cv-0057-TLN-CKD (PS).  Moreover,
26 plaintiff has previously filed a complaint against CDCR and Macomber containing substantially
27 similar allegations; this court dismissed it for failure to state a claim.  *See Singh v. CDCR*, 2:24-
28 cv-2390-TLN-JDP (PC) (E.D. Cal. Oct. 30, 2024).  Considering all this, the complaint should be

dismissed without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

Accordingly, it is ORDERED that plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is granted.

Further, it is RECOMMENDED that the complaint, ECF No. 1, be dismissed without leave to amend for failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    January 10, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE